**GREYHOUND COMPUTER CORPORATION, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**Nos. 3–70 Civ. 328, 3–70 Civ. 329.**

United States District Court,
D. Minnesota,
Third Division.

April 6, 1972.

Haverstock, Gray, Plant, Mooty & Anderson by Robert E. Bowen, Minneapolis, Minn., together with Winston, Strawn, Smith & Patterson by Edward L. Foote, Chicago, Ill., for plaintiff.

Faegre & Benson by John D. French, and Norman R. Carpenter, Minneapolis, Minn., together with Cravath, Swaine & Moore by Thomas D. Barr, New York City, for defendant.

### ORDER OF TRANSFER UNDER 28 U.S.C. § 1404(a)

NEVILLE, District Judge.

The above cases were before the court on February 17, 1972 at St. Paul, Minnesota, on the motion of defendant for a transfer under 28 U.S.C. § 1404(a) to the District of Arizona for trial.

Over the last three years the Judicial Panel on Multidistrict Litigation has transferred a number of civil treble damage antitrust actions against International Business Machines (IBM) involving common questions of fact to the District of Minnesota for pretrial purposes and designated the undersigned judge to supervise and coordinate the consolidated pretrial proceedings under

28 U.S.C. § 1407. Some six cases including the above were transferred by the Panel and consolidated for coordinated pretrial proceedings with the case of Control Data Corporation action against IBM, which was filed originally in the District of Minnesota and assigned to this judge. Four of those cases have been settled and dismissed by this court. At the present time there are pending for trial the above two cases which involve the same issues and parties and will be tried together if in fact one is not voluntarily dismissed. One suit was commenced originally in the State Court of Illinois and removed to the Northern District of Illinois. Thereafter the second suit was commenced directly in that United States District Court. Both were transferred to this court for pretrial proceedings by the Panel.

Pretrial in these Greyhound cases is near completion. Defendant IBM has moved to have the cases transferred, pursuant to 28 U.S.C. § 1404(a), to the District of Arizona for trial. Plaintiff Greyhound has raised no strenuous objection to transfer to that forum. This court has advised with and obtained the consent of Honorable Walter E. Craig, United States District Judge for the District of Arizona to this transfer. The court finds that the interests of justice, as well as the convenience of the parties and witnesses, require that IBM's motion be granted.

 Transfer by the Panel under 28 U.S.C. § 1407 is for pretrial proceedings only. Although that statute provides that each transferred action shall be remanded by the Panel at the conclu-sion of pretrial proceedings to the district from which it was originated, it is clear that a motion pursuant to 28 U.S.C. § 1404(a) is a "pretrial" motion and that a transferee court has the authority to transfer under Section 1404(a) cases transferred to it under Section 1407. In Re Antibiotic Antitrust Actions, 333 F.Supp. 299, 303 (S.D.N.Y.1971), pet. for writ of mandamus denied sub nom. Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971); State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484 (N.D.Ill., 1971). The Panel itself has recognized the power of the judge to whom it assigns cases to rule on Section 1404(a) motions.[1] Although neither Greyhound nor IBM challenges the court's authority to rule on this Section 1404(a) motion, the court is of the opinion that its designation as a transferee court under Section 1407 clearly empowers it to transfer an action, consolidated before it for coordinated pretrial proceedings, to the transferee or other district under Section 1404(a) for all purposes, including trial.[2]

The initial determination to be made prior to any transfer under 28 U.S.C. § 1404(a) is whether the action could have been brought in the district to which transfer is sought. Both Greyhound and IBM concede that the Greyhound case could have been commenced in the District of Arizona.

 Section 1404(a) dictates that three factors, the convenience of parties, the convenience of witnesses and the interest of justice, must be considered when a transfer is sought. Since the filing of the Greyhound suit in the

---

1. See Rule 15(d), Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, 125 (1971). *Cf.* In re Grain Shipments Litigation, 300 F. Supp. 1402, 1404 (J.P.M.L.1969) *accord,* In re Mid-Air Collision Near Fairland, Indiana, 309 F.Supp. 621, 623 n. 6 (J.P. M.L.1970).

See also Manual for Complex and Multi-district Litigation, Part I, § 5.32(2) (West Pub. Co. 1970):

"[S]ince § 1404(a) and § 1407 are not mutually exclusive but . . . cumu-lative remedies, successive transfers under § 1404(a) and § 1407, *in either order,* would not be prohibited." [Emphasis added]

2. The court informed the Panel of its tentative decision to transfer the Greyhound litigation at the conclusion of pretrial to the District of Arizona for trial and inquired if the Panel had any objections. The Panel offered no objection and responded that transfer under 28 U.S.C. § 1404(a) was a matter solely within the province of the district court.

Northern District of Illinois, Greyhound has moved its main base of operation and principal offices from Chicago to Phoenix, Arizona. Were the suit to be instituted now, it likely would be brought in Arizona. The majority of the anticipated testimony from Greyhound witnesses that is material to the litigation will come from individuals who reside in the District of Arizona. Greyhound counsel acknowledges that his client (as well as IBM) desires to have the case tried at an early date, but asserts that the Chicago forum would be more convenient for Greyhound and IBM counsel. Convenience of counsel, however, as opposed to the parties themselves or their witnesses, is not a factor in deciding a Section 1404(a) motion. Triangle Industries, Inc. v. Kennecott Copper Corp., 325 F.Supp. 150, 152 (E.D. Pa.1971); Burroughs Corp. v. Newark Electronics Corp., 317 F.Supp. 191, 193 (N.D.Ill.1970).

Another important factor influencing the court's decision to transfer the Greyhound case to Arizona for trial is the constant urging by both parties for an early trial date. Since the consolidation of the Greyhound case with the Control Data suit for coordinated pretrial proceedings, both Greyhound and IBM have actively sought an early trial. Both parties have expressed the desire to have this court try that case and though appreciating the compliment, this court is committed to preside over the trial of the Control Data litigation against IBM estimated to last nine months to a year. The court on several occasions has informed both Greyhound and IBM counsel that it was unwilling to combine their case for trial with the much larger and much more involved trial of the Control Data case. Although both cases involve common questions of fact, the issues in Greyhound are much simpler from a trial context than those in Control Data.

The court was advised by Judge Craig that the Greyhound case could be tried in Arizona as early as the second week in May 1972, whereas trial in Northern District of Illinois is not feasible until sometime in the fall of 1972. The court finds, therefore, that the early resolution of this litigation would be in the interest of justice and that this can best be accomplished at the convenience of the parties and witnesses by transfer to the District of Arizona. *Cf.* Thomson & McKinnon v. Minyard, 291 F.Supp. 573 (S.D.N.Y.1968).

It is therefore ordered that at the conclusion of the final pretrial conference to be held by this court, the cases of Greyhound Computer Corp. v. International Business Machines Corp., Nos. 3–70 Civ. 327 and 329, be and the same hereby are transferred, pursuant to 28 U.S.C. § 1404(a) to the District of Arizona for trial and further proceedings.