**In re AIR CRASH DISASTER AT TO-RONTO INTERNATIONAL AIRPORT ON JULY 5, 1970.**

**No. 103.**

Judicial Panel on Multidistrict Litigation.
July 25, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM[*], EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III[*], and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

On July 5, 1970, a passenger aircraft operated by Air Canada crashed near Toronto International Airport, fatally injuring one hundred passengers and nine crew members. Since the time of the crash 34 wrongful death actions have been instituted in the federal and state courts. Some of these cases were filed in the Central District of California and several additional actions were either removed to or transferred to that district. All of the actions pending in that district and listed on the attached Schedule A have been assigned to Judge Peirson Hall and pretrial proceedings in those cases are now underway.

The only federal action arising from this crash not pending in the Central District of California is the wrongful death action brought by Henry Smith in the Northern District of Illinois. Air Canada earlier moved for transfer of that action to California pursuant to 28 U.S.C. § 1404(a). Smith objected to transfer for all purposes because of alleged hardship to him and to the relatives of the deceased passenger whose estate he represents. It appears that the father of the deceased passenger, a resi-

dent of Michigan, is unemployed by reason of poor health. It is asserted that his lack of funds as well as his physical disabilities would make travel to California impossible. The brother of the deceased passenger and Smith are said to be similarly situated. On the basis of this showing of hardship, the Illinois district court denied the motion for transfer under Section 1404(a).

■ Air Canada now moves for transfer of the Smith action to the Central District of California pursuant to 28 U.S.C. § 1407. It urges that for the convenience of the parties and witnesses and for the just and efficient conduct of the litigation issues common to all cases should be pretried in a single district. And it urges that the Central District of California is the most appropriate transferee district because of the advanced status of proceedings before Judge Hall. We agree.

■ Smith opposes transfer under Section 1407 on the same basis he opposed transfer under Section 1404(a)—hardship to him and the relatives of the deceased in traveling to California. Smith acknowledges that transfer under Section 1407 is for pretrial purposes and that the necessity for his presence and the presence of the relatives of the deceased in California is de minimis. He argues, however, that transfer by the Panel would, as a practical matter, require him to go to trial in California. Courts assigned litigation pursuant to Section 1407 have, in some instances, transferred litigation to the transferee district or another district for all purposes pursuant to Section 1404(a).[1] Assuming *arguendo* that Smith's case is inappropriate for transfer under Section 1404(a), we are unwilling to assume, as Smith would have us do, that the transferee court will order such a transfer.[2] Where an action is otherwise appropriate for coordinated or consolidated pretrial proceedings, the possibility of an abuse of discretion or unfavorable ruling by the transferee court will not prevent transfer. *Cf.* In re Plumbing Fixtures Litigation, 342 F.Supp. 756 (Jud.Pan. Mult.Lit. 1972); *See also,* In re Motion Picture Antitrust Litigation, 339 F.Supp. 1278 (Jud.Pan.Mult.Lit.1972).

It is therefore ordered that the action pending in the Northern District of Illinois and listed on the attached Schedule A be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson Hall for pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A and pending in that district.

---

1. In re Antibiotic Antitrust Actions, 333 F.Supp. 299 (S.D.N.Y.1971), pet. for writ of mandamus denied sub nom. Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971); State of Illinois v. Harper & Row Publishers, Inc., 55 F.R.D. 221 (N.D.Ill., 1971); In re Hanover, New Hampshire Air Disaster Litigation, (D.N.H.1971); Fox v. Allegheny Airlines, Inc. (S.D.Ind., Nov. 4, 1971); Jack Winter, Inc. v. Koratron Co., 326 F.Supp. 121 (N.D. Cal.1971); Greyhound Computer Corp. v. I.B.M., 342 F.Supp. 1143 (D.Minn., 1972).

2. In addition, there is some doubt concerning the legality of a second decision of a motion for transfer under Section 1404 (a) which is at variance with an initial determination under Section 1404(a). Insurance Co of North America v. Ozean/ Stinnes-Linien, Inc., 367 F.2d 224 (5th Cir.1966).

## SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Henry Smith, etc. v. McDonnell Douglas Corp., et al. | Civil Action No. 71–C–1719 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Herrmann, etc. v. Air Canada, Inc., et al. | Civil Action No. 70–1635–PH |
| John Bradley Witmer, etc. v. Air Canada, Inc., et al. | Civil Action No. 70–2442–PH |
| Joseph Vincent McKettrick, etc. v. Air Canada, et al. | Civil Action No. 70–2904–PH |
| Bruce Sultan v. Air Canada, Inc., et al. | Civil Action No. 71–948–PH |
| Nancy C. Moore, etc. v. Air Canada, et al. | Civil Action No. 71–1097–PH |
| Arthur J. Tielenes v. Air Canada, et al. | Civil Action No. 71–1106–PH |
| Gordon W. Houston, et al. v. Air Canada, Inc., et al. | Civil Action No. 71–1179–PH |
| Mark Simon, etc. v. Air Canada, Inc., et al. | Civil Action No. 71–1367–PH |
| Joseph S. Simone v. Air Canada, Inc., et al. | Civil Action No. 71–1491–PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71–1537–PH |
| Carman Mable Hamilton, etc. v. McDonnell Douglas Corp. | Civil Action No. 71–1544–PH |
| Jennette Rowland, etc. v. McDonnell Douglas Corp. | Civil Action No. 71–1545–PH |
| Air Canada, Inc. v. McDonnell Douglas Corp. | Civil Action No. 71–1560–PH |
| Georgina A. Woodard, etc. v. McDonnell Douglas Corp. | Civil Action No. 71–1561–PH |
| Susan Jane Hill, etc. v. McDonnell Douglas Corp. | Civil Action No. 71–1562–PH |
| Helen Bailey, etc. v. Air Canada | Civil Action No. 71–1947–PH |
| Irene Giannoulis, et al. v. Air Canada, et al. | Civil Action No. 71–1972–PH |
| McDonnell Douglas Corp. v. Air Canada, Inc. | Civil Action No. 71–2161–PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71–2219–PH |

## SCHEDULE A

| | |
|---|---|
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2220-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2221-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2222-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2223-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2224-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2225-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2226-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2227-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2228-PH |
| Katherine Aanestad, etc. v. McDonnell Douglas Corp. | Civil Action No. 71-2229-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2230-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2231-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2232-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2233-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2234-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2235-PH |
| Katherine Aanestad, etc. v. Air Canada, Inc., et al. | Civil Action No. 71-2242-PH |