## In re LONGHORN SECURITIES LITIGATION.

**MDL Docket No. 525.**
Nos. CIV–82–2258–E, CIV–82–2263–E, CIV–82–2264–E, CIV–82–2266–E, CIV–82–2276–E, CIV–82–2289–E and CIV–83–1033–E.

United States District Court,
W.D. Oklahoma.

Sept. 28, 1983.

See also 552 F.Supp. 1003; 573 F.Supp. 255; 573 F.Supp. 278.

John C. McMurry, Oklahoma City, Okl. and H. Thomas Coghill, David J. Richman, Coghill & Goodspeed, Denver, Colo., for plaintiffs.

Murray E. Abowitz, Noma Gurich, Abowitz & Welch, G. Blaine Schwabe, III, Mock, Schwabe, Waldo, Elder Reeves & Bryant, Oklahoma City, Okl., Charles C. Baker, Richard B. Noulles, Gable & Gotwals, Tulsa, Okl., McAfee Taft, John N. Hermes, James Kirk, Kirk & Chaney, John Goodman, Charles C. Green, Harry A. Woods, Jr., Oklahoma City, Okl., for defendants.

## ORDER

EUBANKS, Chief Judge.

These cases were originally filed in or removed to the federal district courts of Colorado, Kansas, Louisiana, and Michigan. Thereafter, they and numerous similar cases were transferred to this Court for coordinated or consolidated pretrial proceedings by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407(a). The Federal Deposit Insurance Corporation [hereinafter "FDIC"], as receiver of the failed Penn Square Bank, N.A., has moved to dismiss on the basis of improper venue under Federal Rule of Civil Procedure 12(b)(3), arguing that 12 U.S.C. § 94 requires these cases to be brought in Oklahoma City, Oklahoma, where Penn Square Bank was established.[1] The plain-

---

1. Actually, the FDIC initially moved to dismiss for improper venue in sixteen of the *Longhorn*

tiffs in CIV–82–2258–E, CIV–82–2263–E, CIV–82–2264–E, CIV–82–2274–E, and CIV–82–2289–E have responded in opposition; the plaintiff in CIV–82–2266–E has adopted the other plaintiffs' responses; and the plaintiff in CIV–83–1033–E has failed to respond.

## I.

■ Although the FDIC's motions are to dismiss under Federal Rule 12(b)(3), the Court will treat them as motions under 28 U.S.C. § 1406(a). *See Schiller v. Mit-Clip Co.*, 180 F.2d 654 (2d Cir.1950). Dismissal was formerly the sole relief if an action was successfully challenged for improper venue or *forum non conveniens;* however, dismissal is a harsh remedy. Section 1406(a), promulgated as part of the Act of June 25, 1948, 62 Stat. 869, 937, is intended to mitigate that harshness by permitting the district courts to transfer such cases to a proper forum, as well as to dismiss them. 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962).

## II.

■ At the threshold, it is clear that the Court, as a transferee court in a multidistrict litigation under 28 U.S.C. § 1407, has the power to transfer such a case to itself under 28 U.S.C. § 1404(a) or 1406(a). Rule of Procedure of the Judicial Panel on Multidistrict Litigation 11(b); *In re Viatron Computer Systems Corp. Litigation*, 86 F.R.D. 431, 432–34 (D.Mass.1980); *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation*, 424 F.Supp. 504, 507 (J.P.M.L.1976) (per curiam); *In re Aircrash near Duarte, California, on June 6, 1971*, 357 F.Supp. 1013, 1014–16 (C.D.Cal.1976); *Greyhound Computer Corp. v. International Business Machines Corp.*, 342 F.Supp. 1143, 1145 (D.Minn.1972). *See*

Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 581 & nn. 42–44 (1978) (collecting the cases). *See generally In re Antibiotic Antitrust Actions*, 333 F.Supp. 299, 303 (S.D.N.Y.1971), *petition for writ of mandamus denied sub nom. Pfizer, Inc. v. Lord*, 447 F.2d 122, 124–25 (2d Cir.1971) (per curiam).

## III.

■ Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, there are three elements to the Court's inquiry: whether venue is improper in the first instance, whether justice requires transfer, and if so whether the case could have been brought in this or any other court.

■ First, venue was improper in the original, transferor district courts. In all of these cases Penn Square Bank, N.A., was named as a defendant. However, Section 94 of the National Bank Act ordained that

> [a]ctions and proceedings against any [national banking] association ... may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

12 U.S.C. § 94.[2] Although its language is seemingly permissive, Section 94 is mandatory. *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 558–67, 83 S.Ct. 520, 522–27, 9 L.Ed.2d 523 (1963); 7 Michie,

---

*Securities* cases, but it withdrew its venue challenge as to nine of them in which it elected to assert a cross-claim or counterclaim or both. FDIC Motion of April 7, 1983.

**2.** Section 94 was amended as of October 15, 1982, by Section 406 of Title IV of the Garn-St.

Germain Depository Institutions Act of 1982, Pub.L. No. 97–320, 96 Stat. 1469, 1512–13 (1982). But because these cases were filed prior to the effective date of the amendment, they are governed by the former version of Section 94.

*Banks and Banking* ch. 15, § 220a(4) (rev. perm. ed. 1980); 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3813 (1976). Further, Section 94 is exclusive; it supersedes conflicting federal venue statutes, *e.g.*, *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 158, 96 S.Ct. 1989, 1995, 48 L.Ed.2d 540 (1976) (Section 27 of the 1934 Securities Exchange Act, 15 U.S.C. § 78aa), as well as state venue statutes, *e.g.*, *Mercantile National Bank, supra*, 371 U.S. at 558–67, 83 S.Ct. at 522–27. Finally, the command of Section 94 is not altered when the FDIC is appointed receiver of a national bank upon its insolvency. *TPO Inc. v. Federal Deposit Insurance Corp.*, 325 F.Supp. 663, 664–65 (S.D.N.Y.1971); *DeLorenzo v. Federal Deposit Insurance Corp.*, 259 F.Supp. 193, 197–98 (S.D.N.Y.1966); 1 Michie, *Banks and Banking*, ch. 1, § 26½ at 100 & n. 86 (rev. perm. ed.1973). Hence, venue in these cases in the transferor courts was improper, because Penn Square Bank was established in Oklahoma.

■ Second, transfer of these cases to this Court would be in the interest of justice. In this regard, there are at least two relevant concerns. One, transfer and consolidation for all purposes will promote judicial economy; only one court, instead of six, will have to address the questions posed by these cases. Two, such a procedure will insure uniform judicial decision-making in like cases, a principle that is deeply embedded in the fabric of our legal system.

■ Third and finally is the issue of whether these cases "could have been brought" in this district. This phrase of Section 1406(a) requires, *inter alia*, that the proposed transferee forum be one in which venue would have been proper.

*Blackmar v. Guerre*, 190 F.2d 427 (5th Cir.1951), *aff'd.*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); 15 C. Wright, A. Miller & E. Cooper, *supra*, § 3827 at 174. This interpretation is in accord with the Supreme Court's definitive interpretation of similar language in 28 U.S.C. 1404(a) ("might have been brought"), which is *in pari materia* with Section 1406(a). *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). In *Hoffman*, the Supreme Court reasoned that a court considering transfer must direct its attention " 'to the situation which existed when suit was instituted' ". *Id.* at 343, 80 S.Ct. at 1089 (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir.1951) (Hastie and McLaughlin, JJ., dissenting)). Thus, the Court ruled that a defendant's agreement to waive improper venue in the proposed transferee court is irrelevant. *Id.* at 342–44, 80 S.Ct. at 1088–90.

■ Six of these cases not only "could have been brought" in this district, they were required to have been brought here: CIV–82–2258–E, CIV–82–2263–E, CIV–82–2264–E, CIV–82–2274–E, CIV–82–2289–E, and CIV–83–1033–E. As discussed above, this is because these cases are brought in part against Penn Square Bank and because former Section 94 mandates that suits against the Bank or its receiver be instituted here, where the Bank was established.[3]

■ The case CIV–82–2266–E, in contrast, presents a different problem. In that case, the plaintiffs sued three national banks which are located in different federal districts: Penn Square Bank, Manufacturers National Bank, and National Bank of Ypsilanti. As such, venue is inherently

---

**3.** Significantly, this conclusion is the same under the amended version of Section 94, which provides:

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation had been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States

held within the district in which that association's principal place of business is located, or, in the event any State, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located.

Garn-St. Germain Depository Institutions Act of 1982, Pub.L. No. 97–320, § 406, Title IV, 96 Stat. 1469, 1512–13 (1982).

improper. *See Mercantile National Bank, supra,* 371 U.S. at 563, 83 S.Ct. at 525; 15 C. Wright, A. Miller & E. Cooper, *supra,* § 3813 at 82. Though venue in the Southern Division of the Eastern District of Michigan was proper as to the latter two banks, which are established in Wayne and Washtenaw Counties, respectively, *see* 28 U.S.C. § 102(a), it was improper as to Penn Square Bank. In such a case, the court has two choices: it may dismiss the action, or it may sever the action into two parts, transfer that portion in which venue is improper, and leave that portion in which venue is proper in the original district court. *See* 15 C. Wright, A. Miller & E. Cooper, *supra,* § 3827. The former alternative is draconian, especially if the statute of limitations has run. The latter alternative is inconvenient to the plaintiff and undercuts sound judicial management, but these considerations do not affect the venue requirement of Section 94. *See Mercantile National Bank, supra,* 371 U.S. at 563, 83 S.Ct. at 525. In the interest of justice, therefore, CIV–82–2266–E shall be severed and transferred in part.

Accordingly,

IT IS THEREFORE ORDERED that the following cases be and are hereby transferred to this Court for all purposes: CIV–82–2258–E, CIV–82–2263–E, CIV–82–2264–E, CIV–82–2274–E, CIV–82–2289–E, and CIV–83–1033–E.

IT IS FURTHER ORDERED that CIV–82–2266–E be and hereby is severed into two parts, the claims against Manufacturers National Bank and National Bank of Ypsilanti on the one hand and the claims against Penn Square Bank and the Longhorn defendants on the other, and that these latter claims be and hereby are transferred to this Court for all purposes.

The Clerk of the Court is instructed to mail copies hereof to parties and/or counsel of record.