**In re AIR CRASH DISASTER AT DETROIT METROPOLITAN AIRPORT ON AUGUST 16, 1987.**

**MDL No. 742.**

United States District Court,
E.D. Michigan, S.D.

Aug. 18, 1989.

See also 130 F.R.D. 627.

**392**

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear and Thomas Meehan, Washington, D.C., and Richard Schaden, Birmingham, Mich., for plaintiffs' Steering Committee.

Carroll E. Dubuc, Laxalt, Washington, Perito and Dubuc, Washington, D.C., for defendant Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., and Donald E. Shely, Dykema Gossett, Detroit, Mich., for defendant McDonnell Douglas.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

The instant multidistrict litigation arose as a result of the crash of Northwest Flight 255 on August 16, 1987. Less than two weeks later (August 28, 1987), the first case was filed in the Eastern District of Michigan.[1] On December 9, 1987, the Judicial Panel on Multidistrict Litigation determined that all federal cases arising from the Flight 255 accident should be consolidated in this judicial district for pretrial purposes. *See* 28 U.S.C. § 1407.

Since that time, this Court has presided over all of the pretrial proceedings in this matter. As of this date, one hundred fifty-six (156) cases are under the jurisdiction of this Court for pretrial purposes.

This Order is intended to establish guidelines for the trial on the issues of liability which is scheduled to begin on October 2, 1989. All previous Orders of this Court that are inconsistent with this Order are deemed superseded.

### I

On July 5, 1989, this Court identified a case, *Johnson v. Northwest Airlines, Inc.,* 88–CV–72040–DT, which would serve as an exemplar case for a trial as to liability issues. This Court also designated four (4) other cases which would serve as alternate exemplar cases in the event that *Johnson* does not proceed to a liability trial on October 2, 1989.

It is the desire of this Court and all of the parties in this litigation to resolve all liability issues, which involve essentially identical proofs, as expeditiously and efficiently as possible. While the presentation of the Plaintiffs' claims may involve different substantive standards, the evidence which will be offered at trial on these issues is substantially the same for all claimants. Therefore, this Court concludes that these goals will not be met by conducting a single exemplar trial which does not resolve all of the liability claims arising from the air crash.

The *Manual on Complex Litigation (Second)* reads:

> Pretrial proceedings in complex litigation are often focused upon a lead or primary case; the failure to explore fully the possibilities of consolidation of other cases for trial has sometimes necessitated additional trials that could have been avoided. Utilizing Fed.R.Civ.P. 42(a), the court should consider consolidating all cases pending in (or transferable to) the court for a joint trial of those issues on which essentially the same evidence probably will be presented....
>
> Whether consolidation is permissible or desirable will depend upon the nature and extent of the non-common evidence to be presented at such a trial. Fed.R. Civ.P. 42(b) may often be used to isolate for an initial joint trial particular issues on which all or most of the evidence will be common to all cases, while reserving non-common issues for subsequent individual trials.

---

1. *See Polec v. Northwest Airlines, Inc.,* 87–CV– 73216–DT (E.D.Mich.)

MANUAL ON COMPLEX LITIGATION (SECOND) § 21.631, at 109 (1985) (footnotes omitted).

Therefore, rather than preside over the claims of an individual plaintiff, as was previously scheduled, this Court has determined that it is in the best interests of all of the parties to (1) transfer and consolidate all cases in this multidistrict litigation, (2) bifurcate the issue of liability from the issue of damages, and (3) commence a joint trial that will resolve all liability issues which remain as of the first day of trial.[2]

## II

On April 17, 1989, the Defendant, McDonnell Douglas Corporation (MDC), filed a Motion to Transfer all pending cases, which had been originally brought in federal judicial districts other than the Eastern District of Michigan, to this Court for the purpose of conducting a liability trial. In addition to submitting briefs that addressed the merits of this motion as provided in the Local Rules, *see* Local Rule 17(g) & (i), the parties were allowed to file supplemental briefs on this issue.

It is well established that a transferee court, which has been designated to conduct pretrial proceedings in a multidistrict matter, may transfer actions that have been filed in another forum to its own judicial district pursuant to 28 U.S.C. § 1404(a).[3] *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 820 (3d Cir.1982), *cert. denied*, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003 (1983); *In re Longhorn Securities Litigation*, 573 F.Supp. 274, 276 (W.D.Okl.1983); *In re 1980 Decennial Census Adjustment Litigation*, 506

F.Supp. 648, 650–51 (J.P.M.L.1981); *In re Viatron Computer Systems Corp. Litigation*, 86 F.R.D. 431 (D.Mass.1980); *In re Air Disaster at John F. Kennedy International Airport*, 479 F.Supp. 1118, 1121–22 (E.D.N.Y.1978); *In re Mid–Air Collision Near Fairland, Indiana*, 309 F.Supp. 621, 623 n. 6 (J.P.M.L.1970). In order to effectuate such a transfer under § 1404(a), it must be established that (1) the transferred action could have been brought in the transferee court, (2) a transfer would serve the interests of justice, and (3) a transfer would serve the convenience of the parties and witnesses.

In the case sub judice, the cases, which were transferred pursuant to the directive of the Judicial Panel on Multidistrict Litigation, could have been brought in this forum. Clearly, this Court has personal jurisdiction over the Defendants in this dispute and venue is proper since the cause of action arose in this judicial district. *See* 28 U.S.C. § 1391(a).

In addition, a § 1404 transfer of the cases that were filed in a judicial district outside the Eastern District of Michigan would serve the interests of justice as well as the interests of all the parties and witnesses. This conclusion is based on the following considerations: (1) no party in interest has lodged an objection to a § 1404 transfer, (2) nearly identical, or identical evidence regarding liability issues, shall be produced in each case, (3) this Court has presided over the discovery phase of this litigation and is intimately familiar with the controverted liability issues, (4) such a transfer may obviate the need for multiple liability trials which would, in all probability, promote uniform judicial decisionmak-

---

**2.** This Court recognizes that there are various motions for a dismissal and/or a summary judgment, which have been filed by Northwest and MDC that may obviate the need for a jury determination on some liability issues. However, the joint liability trial will include all liability issues that remain subsequent to the disposition of the pending dispositive motions.

**3.** Such a transfer is also authorized by Rule 14(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, which provides in part:

Each transferred action that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial, *unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. In the event that the transferee judge so transfers an action under 28 U.S.C. § 1404(a) or 1406, no further action of the Panel shall be necessary to authorize proceedings including trial.*

ing and minimize litigation costs, (5) the accident at issue occurred in this judicial district, and (6) no other judicial district is more convenient for the parties and witnesses. *See In re Antibiotic Antitrust Actions*, 333 F.Supp. 299, 334 (S.D.N.Y. 1971) (when considering transfer of multiple cases from various judicial districts, the focus is not on the individual convenience of each party and witness but on the overall convenience of all parties and witnesses).

Therefore, for the foregoing reasons, all of the cases that are now pending in this Court for pretrial purposes as of the date of this Order are transferred to the United States District Court for the Eastern District of Michigan pursuant to § 1404(a). Those parties, whose cases were filed in a jurisdiction other than the Eastern District of Michigan and transferred to this forum by the Multidistrict Litigation Panel subsequent to the date of this Order, may "opt-in" to remain within this judicial district by filing an appropriate pleading with this Court on or before September 26, 1989.

### III

■ This Court has broad discretion to determine whether to consolidate separate actions that are pending before it pursuant to Federal Rule of Civil Procedure 42(a), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Fed.R.Civ.P.* 42(a); *see Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773–74 (9th Cir.1977); *Atlantic States Legal Foundation v. Koch Refining Co.*, 681 F.Supp. 609, 651 (D.Minn.1988) (quoting C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL § 2382 (1971)). In addition, this Court may issue an order of consolidation despite the protestations of the parties in interest. C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL § 2383 (1971); *see also Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 293, 12 S.Ct. 909, 911, 36 L.Ed. 706 (1892). The *Manual on Complex Litigation* recommends that, in the multidistrict litigation context in which the same evidence will be presented by each Plaintiff with regard to one or both of the Defendants' alleged culpability, the trial judge should attempt to consolidate all pending cases for a joint liability trial. See MANUAL ON COMPLEX LITIGATION (SECOND) §§ 21.631, 33.23.

■ It is the belief of this Court that the consolidation of all pending cases for a joint trial on all liability issues, including those cases originating in other judicial districts,[4] will best comport with the spirit of the Federal Rules of Civil Procedure which mandate that the Rules "be construed to secure the just, speedy, and inexpensive determination of every action." *Fed.R. Civ.P.* 1. In the case sub judice, the complexity of the issues presented, the substantial number of common questions of fact relating to liability, and the potential for resolving all of the numerous claims in this case in a uniform and consistent manner mandate a consolidation of this litigation under Rule 42(a).

---

4. Numerous other courts have transferred and consolidated cases originating in another forum for trial purposes. *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 820 (3d Cir.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003 (1983); *Winbourne v. Eastern Air Lines, Inc.*, 632 F.2d 219 (2d Cir.1980); *Pfizer, Inc. v. Lord*, 447 F.2d 122, 124–25 (2d Cir.1971); *In re Air Crash Disaster at Stapelton International Airport, Denver, Colorado, on November 15, 1987*, 720 F.Supp. 1455 (D.Col.1988); *In re Longhorn Securities Litigation*, 573 F.Supp. 274, 276 (W.D.Okl.1983); *In re Bristol Bay, Alaska, Salm-*

*on Fishery Antitrust Litigation*, 424 F.Supp. 504, 507 (J.P.M.L.1976) (per curiam); *In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Hanover, New Hampshire, on October 25, 1968*, 342 F.Supp. 907 (D.N.H.1971). Section 1404(a) and Rule 14(b) of the Rules on Multidistrict Litigation, which explicitly empower a transferee court to transfer cases to itself for trial, would essentially have no purpose if the transferee court was not permitted to transfer and consolidate for trial those cases that had been filed in a foreign judicial district.

Therefore, all currently pending multidistrict cases which arise from the Flight 255 air crash shall be consolidated for a joint trial on the issues of liability.

## IV

■ This Court has the authority to try issues of liability and damages separately pursuant to Federal Rule of Civil Procedure 42(b), which provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

*Fed.R.Civ.P.* 42(b). It is well settled within the Sixth Circuit that " 'the district court ha[s] broad discretion to order separate trials.' " *In re Bendectin Litigation,* 857 F.2d 290, 307 (6th Cir.1988) (quotation omitted), *cert. denied sub nom.,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989); *see also Moss v. Associated Transport,* 344 F.2d 23 (6th Cir.1965). In deciding whether to sever particular issues for a separate trial, the court must consider the "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *In re Beverly Hills Fire Litigation,* 695 F.2d 207, 216 (6th Cir.1982) (footnote omitted); *see also Bendectin,* 857 F.2d at 307–08. The Sixth Circuit Court of Appeals has warned that by severing liability issues from damages issues, "[t]here is a danger that bifurcation may deprive the plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into court, replacing it with a sterile or laboratory atmosphere in which causation is parted from the reality of injury." *Beverly Hills,* 695 F.2d at 217. The *Manual on Complex Litigation* contemplates that a court, which presides over multidistrict actions that sound in tort, should sever liability issues from damages issues. *See* MANUAL ON COMPLEX LITIGATION (SECOND) § 33.26.

■ In this multidistrict litigation, bifurcation of liability issues from damages concerns is appropriate for the following reasons: (1) bifurcation allows the consolidation of all pending cases for a joint trial addressing all liability issues, (2) bifurcation may simplify the jury's task in deciding liability issues, (3) bifurcation will not prejudice the respective positions of the Plaintiffs or the Defendants, (4) bifurcation may obviate the need for considering damages claims, thereby minimizing expense and expediting the resolution of these proceedings, (5) the proofs regarding liability and damages are not necessarily intertwined, and (6) no party in interest has objected to such bifurcation as of this date.

Accordingly, the issues regarding an award of compensatory and punitive damages, if available, are severed from the liability issues and are reserved for a subsequent determination, if necessary. Should the Plaintiffs prevail in the joint liability trial, those claimants who originally filed their cases in a transferor court may move to remand the issue of damages to the transferor district for a final determination.

## V

If the joint liability trial results in a verdict in favor of the Plaintiffs, the damages issues shall be tried before the same jury that resolved the liability issues. *See* MANUAL FOR COMPLEX LITIGATION (SECOND) § 21.6323 (1985). By adopting this approach, the Court can protect against the possibility that bifurcation may create "a sterile or laboratory atmosphere in which causation is parted from the reality of injury." *Beverly Hills,* 695 F.2d at 217.

If the jury determines that one or both of the Defendants are liable to the Plaintiffs for the air crash, the issue of damages will be presented separately and consecutively to the same trier of fact three weeks fol-

lowing the conclusion of the joint liability trial in the following order:

1) *Johnson v. Northwest Airlines, Inc.*, 88–CV–72040–DT (E.D.Mich.)

2) *Dresch v. Northwest Airlines, Inc.*, 87–CV–74602–DT (E.D.Mich.)

3) *Tallarico v. Northwest Airlines, Inc.*, 87–CV–74743–DT (E.D.Mich.)

4) *Grigg v. Northwest Airlines, Inc.*, 88–CV–70238–DT; 87–CV–74681–DT (E.D. Mich.)

5) *Hagler v. Northwest Airlines, Inc.*, 87–CV–74604–DT (E.D.Mich.)

## VI

It is the intention of this Court to appoint the Plaintiffs' Steering Committee (PSC) to serve as the trial counsel for the purposes of prosecuting the joint liability trial on behalf of all the Plaintiffs. *See* MANUAL ON COMPLEX LITIGATION (SECOND) § 22.22 (1985) (in multi-party cases "[t]he court should insist that appropriate arrangements be made, whether formally by designating one or more attorneys to serve as lead counsel or members of a trial team, or informally by the attorneys deciding who will be chiefly responsible for the examination of particular witnesses"). All objections, and the basis for such objections, to the designation of the PSC to act as the trial counsel in the joint liability trial shall be filed on or before August 28, 1989.

## VII

The contents of this Order shall not apply to those cases in which the litigants have agreed to a partial settlement pursuant to Practice and Procedure Order Number 8.

IT IS SO ORDERED.

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear and Thomas Meehan, Washington, D.C., and Richard Schaden, Birmingham, Mich., for plaintiffs' Steering Committee.

Carroll E. Dubuc, Laxalt, Washington, Perito and Dubuc, Washington, D.C., for defendant Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., and Donald E. Shely, Dykema Gossett, Detroit, Mich., for defendant McDonnell Douglas.