The **UNITED STATES of America, for the use and benefit of GIANNOLA MASONRY COMPANY, Plaintiff,**

v.

**P.J. DICK INCORPORATED, a Pennsylvania corporation, and Continental Casualty Company, an Illinois corporation, Defendants.**

No. Civ. 99–40451.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 20, 2000.

J. Christian Hauser, Federlein & Keranen, Detroit, MI, for plaintiff.

Thomas M. Keranen, Federlein & Keranen, Bloomfield Hills, MI, for plaintiff.

Henry J. Mittelstaedt, III, Shermeta, Chimko, Rochester Hills, MI, for defendants.

*ORDER (1) GRANTING DEFENDANTS' MOTION TO STAY JUDICIAL PROCEEDINGS AND TO COMPEL ARBITRATION AND (2) GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA PENDING ARBITRATION PURSUANT TO 28 U.S.C. § 1404(a)*

GADOLA, District Judge.

The above-entitled case involves disputes arising out of the performance of a construction project for the United States Department of Veterans Affairs. Defendant P.J. Dick Incorporated was the prime contractor for the project and plaintiff Giannola Masonry Company the subcontractor for the masonry and stone work. On December 7, 1999, defendants submitted their motions to (1) stay judicial proceedings and compel arbitration and (2) dismiss for improper venue or in the alternative to transfer. On December 10, 1999, defendants filed amended motions seeking the same relief. Plaintiff Giannola Masonry Company responded to defendants' amended motions on January 2, 2000. A reply brief was submitted by defendants on January 10, 2000.

For the reasons set forth below, the Court will (1) grant defendants' motion to stay judicial proceedings and to compel arbitration and (2) grant defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).[1]

## I. FACTUAL BACKGROUND

The parties' dispute relates to construction work performed pursuant to a subcontract dated March 14, 1996. *See* Exh. B to plaintiff's Complaint. The subcontract relates to a project for the U.S. Department of Veterans Affairs referred to as the Clinical Addition and Renovation, Phase III, VA Project 506–027E, VA Contract No. V101C0111, in Ann Arbor, Michigan (here-

---

1. This Court has determined that oral argument will not significantly aid in the disposition of the instant motions. *See* L.R. 7.1(e)(2) (E.D.Mich.1998). Accordingly, the hearing scheduled for January 19, 2000 will be canceled.

inafter "project"). The subcontract amount was $2,696,674.00. As mentioned above, defendant P.J. Dick Incorporated was the prime contractor for the project. Plaintiff Giannola Masonry Company was the subcontractor for the masonry and stone work.

The parties are in agreement that the subcontract at issue contained both an arbitration clause and a forum-selection clause. *See* Article 16 contained in subcontract, attached as Exh. B to plaintiff's Complaint. These clauses are reproduced, in pertinent part, immediately below:

ARTICLE 16. CHOICE OF LAWS AND DISPUTES

16.1 Should any dispute with Owner arise concerning the interpretation of the Contract Documents, such will be decided in accordance with the dispute resolution provisions of the Contract Documents, and Subcontractor agrees to be bound thereby to the same extent Contractor is bound. . . .

16.2 Any dispute arising out of or relating to the Subcontract or the breach thereof *may, in Contractor's [i.e. in defendant P.J. Dick Incorporated's] sole discretion, be resolved by arbitration in Allegheny County, Pennsylvania, or such other place designated by Contractor,* in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment entered upon the award. In the event Contractor does not choose to invoke resolution by arbitration, *any dis-*

*pute shall be resolved by litigation in a state or federal court in Allegheny County, Pennsylvania, before the court without a jury, or before a jury, as contractor alone shall in its discretion decide.*

*See* Exh. B attached to plaintiff's Complaint (emphasis added).

## II. DISCUSSION

### A. THE ARBITRATION CLAUSE IS VALID AND ENFORCEABLE AND WILL BE APPLIED.

■ Plaintiff asserts that it "concurs with Defendants' Motion to Stay Judicial Proceedings and Compel Arbitration." *See* plaintiff's answer to defendants' motions, ¶ 2. Accordingly, the parties are in complete agreement that the instant dispute shall be resolved via binding arbitration. Therefore, the *only* question still remaining is the appropriate venue for the impending arbitration and any further judicial proceedings.[2] Because all parties recognize the validity of the binding arbitration clause, the Court will grant defendants' motion to stay judicial proceedings and to compel arbitration.[3]

### B. THE INSTANT ACTION SHALL BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA PENDING ARBITRATION PURSUANT TO 28 U.S.C. § 1404(a).

Pursuant to Section 1404, Title 28 of the United States Code, "[f]or the convenience

2. With respect to the hearing locale for the arbitration, the parties are also in agreement that this an issue appropriate for the American Arbitration Association (AAA). By agreeing to Section 16.2 of the Subcontract, the parties agreed to be bound by the Construction Industry Rules of the AAA. Construction Industry Dispute Procedure R–11 provides as follows:

> R–11. *Fixing of Locale*
> The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within ten (10) days after notice of the request has been sent to

it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale and its decision shall be final and binding.
AAA R–11 (Oct. 15, 1997).

3. Although the performance and payment of bonds issued by defendant Continental Casualty Company do not themselves contain an arbitration provision, this defendant is also entitled to a stay of the judicial proceedings pending arbitration. *See Exchange Mut. Ins. Co. v. Haskell Co.,* 742 F.2d 274 (6th Cir.1984) (citing *J & S Constr. Co. v. Travelers Indemnity Co.,* 520 F.2d 809 (1st Cir.1975)).

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. S 1404(a). Courts interpreting Section 1404(a) have held that a court may transfer an action when: "(1) the transferred action could have been brought in the transferee court, (2) a transfer would serve the interests of justice, and (3) a transfer would serve the convenience of the parties and witnesses." *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 737 F.Supp. 391, 393 (E.D.Mich.1989); *see also MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.,* 23 F.Supp.2d 729, 738 (E.D.Mich. 1998) (Gadola, J.).

■ The existence of a contractual forum selection clause, such as the one in the case presently before this Court, is an important factor to be weighed in the calculus of deciding a motion to transfer venue. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Although not dispositive, a party faces a "heavy burden of proof" to set aside a forum selection clause on grounds of inconvenience. *See id.* at 17, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513; see also *Water Energizers, Ltd. v. Water Energizers, Inc.,* 788 F.Supp. 208, 212–13 (S.D.N.Y.1992). The general rule is that forum selection clauses are regularly enforced. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

■ In *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the U.S. Supreme Court held that 28 U.S.C. S 1404(a)

is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) calls on the district court to weigh in the balance a number of case-specific factors, and the presence of a forum-selection clause will figure centrally in the calculus. A forum-selection clause should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in § 1404(a). Section 1404(a) must be applied since it represents a valid exercise of Congress' authority under Article III as augmented by the Necessary and Proper Clause.

*Stewart,* 487 U.S. at 23, 108 S.Ct. 2239, 101 L.Ed.2d 22. Federal courts, especially in the Second Circuit, have interpreted *Stewart* narrowly, holding that "the flexible approach toward Section 1404(a) motions adopted in *Stewart* applies only to Section 1404(a) motions....." *Composite Holdings, L.L.C. v. Westinghouse Elec. Corp.,* 992 F.Supp. 367, 370 (S.D.N.Y.1998). In the context of the case at bar, *Stewart* applies and requires that this Court balance a number of case-specific factors, among which "the forum selection clause will figure centrally." *Stewart,* 487 U.S. at 23, 108 S.Ct. 2239, 101 L.Ed.2d 22.[4]

■ The presence of the forum-selection clause in the case at bar *shifts* the burden to the plaintiff to show that a transfer of venue to the Western District of Pennsylvania pending arbitration would be inconvenient. *See Detroit Coke Corp. v. NKK Chem. USA, Inc.,* 794 F.Supp. 214, 220 (E.D.Mich.1992) (quoting *In re Ricoh,* 870 F.2d 570, 573 (11th Cir.1989) (holding that " 'when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute' ")).[5] As the district court in *Detroit*

---

**4.** These additional factors to weigh in the balance include the following: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *Helder v. Hitachi Power Tools,* 764 F.Supp. 93, 96 (E.D.Mich.1991).

**5.** The Court is not persuaded by plaintiff's attempt to distinguish *Detroit Coke.* According to plaintiff, that case is distinguishable from

*Coke* noted, "the Sixth Circuit [has] explicitly held that a claim of financial hardship cannot be used to invalidate a bargained—for forum selection clause . . . ." *Id.* (citing *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir.1991), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991)).

■ Turning now to the specific facts found herein, plaintiff argues that transfer of venue would be improper because the first prong of the three-part test is lacking, i.e., that "(1) the transferred action could have been brought in the transferee court [i.e. in the Western District of Pennsylvania] . . . ." *In re Air Crash Disaster*, 737 F.Supp. at 393. Plaintiff contends that the instant case could *not* have been brought originally in Pennsylvania because the contract between the parties was to be performed and executed in Michigan. Plaintiff brought its action pursuant to the Miller Act, 40 U.S.C. §§ 270a–270e, which provides, *inter alia*, that suits under the Act are to be brought "in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, . . . ." 40 U.S.C. § 270b(b).

In response, defendants argue that the Section 270b(b) locality requirement is "merely a venue requirement" and not a jurisdictional requirement, and therefore it is subject to waiver. *See F.D. Rich Co. v. Ind. Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); *see also U.S. ex rel Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc.*, 62 F.3d 35, 36 (1st Cir.1995). According to defendants, the venue provision of the Miller Act thus has been waived by virtue of plaintiff's agreeing to the valid forum-selection contained within the parties' subcontract.

The Court finds that plaintiff has *waived* its Miller Act venue argument in light of the existence of the clear and unambiguous forum-selection clause present in the case at bar. It is well-settled that "venue provisions have long been subject to contractual waiver through a valid forum selection agreement." *U.S. ex rel Pittsburgh Tank & Tower, Inc.*, 62 F.3d at 36. Moreover, courts have held that "a valid forum selection clause *supersedes* the Miller Act's venue provision." *U.S. ex rel. B & D Mechanical Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir.1995) (emphasis added); *see also FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230 (8th Cir.1995).

Accordingly, plaintiff's argument that the first prong of the three-part test for determining the validity of transfer of venue is wholly without merit. Plaintiff *waived* the Miller Act's venue requirement through operation of the valid, contractually agreed-upon forum-selection clause. The remaining issues are whether "a transfer would serve the interests of justice," and whether "a transfer would serve the convenience of the parties and witnesses." *In re Air Crash Disaster*, 737 F.Supp. at 393.

■ Plaintiff further maintains that transfer of venue would serve as an inconvenience to the parties and witnesses. Plaintiff provides the following reasons for its asserted inconvenience: (1) the principal source of proof is located in Michigan; (2) most, if not all, witnesses are located in Michigan; (3) plaintiff runs the risk of not being able to compel unwilling witnesses to testify in Pennsylvania; (4) the cost and expense to accommodate and coordinate willing witnesses in Pennsylvania would be an enormous and burdensome undertaking

the instant case because the only choice of law provision contained within the Subcontract herein indicates that any disputes shall be governed by the Construction Industry Arbitration Rules of the American Arbitration Association. See plaintiff's brief, p. 19. In the *Detroit Coke* case, the contract contained a choice of law clause providing that the laws

of the Commonwealth of Pennsylvania were to be applied. This difference between the two cases, however, is not dispositive because the choice of law provision in the prior case was only *one factor* which affected the court's decision to transfer venue. *See Detroit Coke*, 794 F.Supp. at 219.

for plaintiff; and (5) defendant has already retained legal counsel in Michigan.

Despite plaintiff's allegations of inconvenience, this Court finds that plaintiff has *not* satisfied its shifted burden pursuant to *Detroit Coke Corp. v. NKK Chem. USA, Inc., supra*, of showing that " 'the contractual forum [i.e., the Western District of Pennsylvania] is sufficiently inconvenient to justify retention of the dispute.' " *Id.* at 220 (quoting *In re Ricoh*, 870 F.2d at 573). As defendants point out, plaintiff "fails to recognize that [defendant P.J. Dick Incorporated] no longer has an office in Michigan, and all of its witnesses and documents are located at its corporate headquarters in Pennsylvania." Defendants' reply brief, p. 4 (citing Second Affidavit of Dale R. Lostetter, ¶ 5). Thus, it appears to this Court that it would be equally as inconvenient for defendant P.J. Dick Incorporated to litigate in Michigan as it would be for the plaintiff to litigate in Pennsylvania, the previously agreed-upon venue. *Id.* As the Honorable Gerald E. Rosen commented in a similar case,

> Plaintiff's principal argument against transfer (other than its inconvenience arguments which as indicated above the Court finds to be equal to the inconvenience arguments raised by Defendants) is its contention that because Detroit Coke chose to file this lawsuit in the Eastern District of Michigan rather than in Pennsylvania, its choice should be given "great weight." Detroit Coke is mistaken. Detroit Coke made its "choice" of forum when it signed the Agreement which contained the forum selection clause.

*Detroit Coke Corp.*, 794 F.Supp. at 219. As stated above, "the Sixth Circuit [has] explicitly held that a claim of financial hardship cannot be used to invalidate a

bargained-for forum selection clause...." *Id.* (citing *Moses v. Business Card Express, Inc.*, 929 F.2d at 1136).[6]

In light of the foregoing considerations, this Court will enforce the parties' agreed-upon forum-selection clause contained within Article 16 of the subcontract dated March 14, 1996. *See* Exh. B to plaintiff's Complaint. The instant case will be transferred to the Western District of Pennsylvania pending the outcome of the parties' binding arbitration.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' amended motion to stay judicial proceedings and to compel arbitration filed December 10, 1999 is **GRANTED;**

**IT IS FURTHER ORDERED** that defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED;** The Clerk of Court shall transfer the instant action, in its entirety, to the United States District Court for the Western District of Pennsylvania forthwith;

**IT IS FURTHER ORDERED** that the hearing previously scheduled for January 19, 2000 is **CANCELED.**

**SO ORDERED.**

---

**6.** An additional consideration is deserving of mention. As the defendants also point out, plaintiff refers to "possible third party witnesses," but fails to show how their testimony would be relevant or necessary to the instant action. *See* defendants' reply brief, p. 4, n. 4. In addition, plaintiff does not explain why videotaped deposition could not be used. *Id.*