**UNITED STATES of America for the use and benefit of N. GIGLIELLO d/b/a N. Gigliello Co.**

**v.**

**SOVEREIGN CONSTRUCTION COM-PANY, Ltd.**
**and**
**St. Paul Fire and Marine Insurance Company.**

**Civ. A. No. 68–729–F.**

United States District Court,
D. Massachusetts.

March 31, 1970.

Joseph M. Corwin, Corwin & Corwin, Boston, Mass., for plaintiff.

Edwin A. McCabe, Widett & Kruger, Boston, Mass., for defendants.

### MEMORANDUM OF OPINION ON DEFENDANT'S MOTION TO STAY

FRANCIS J. W. FORD, District Judge.

This is an action under the Miller Act, 40 U.S.C. § 270a et seq. by a subcontrac-tor against the prime contractor and its surety.

The subcontract contained a provision, paragraph Thirtieth, that:

"a) Any controversy or claim aris-ing out of or relating to this agree-ment or the breach thereof, provision for the determination of which is not made elsewhere in this agreement, shall be settled by arbitration in New York, N.Y. in accordance with the Rules there obtaining of the American Arbitration Association and judgment upon any award rendered therein may be entered in any court having juris-diction.

\* \* \* \* \* \*

"b) At the option of the CON-TRACTOR, in lieu of the required ar-bitration as hereinbefore provided, it is agreed that any controversy or claim arising out of or relating to this agreement or the breach thereof shall be finally settled by the Courts of the State of New York, New York County, under Section 3031 of the New York Civil Practice Law and Rules. \* \* \*"

Neither party has requested arbitra-tion. Defendant Sovereign Construction Company has given due notice of its ex-ercise of its option under subparagraph b) and moves to stay this action pending prosecution of plaintiff's claim in the proper court of the State of New York. (No request is made for any stay for the purpose of arbitration under sub-paragraph a). See United States for the Use and Benefit of Industrial Engi-neering & Metal Fabricators, Inc. v. Eric Elevator Corporation, D.C., 214 F. Supp. 947.)

The Miller Act provides, 40 U.S.C. § 270b:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be per-

formed and executed and not elsewhere * * *."

 Under this section the appropriate United States District Court has exclusive jurisdiction. Blanchard v. Terry & Wright, Inc., 6 Cir., 331 F.2d 467, 469. A state court has no jurisdiction over a Miller Act suit, Koppers Company, Inc. v. Continental Casualty Company, Inc., 8 Cir., 337 F.2d 499. At most, an action by a sub-contractor against a contractor may be brought in the state court as a common law contract action. In such an action rights conferred by the Miller Act cannot be enforced. The Miller Act surety cannot be named as a party or permitted to intervene, and the surety is not bound by any judgment rendered therein. United States Fidelity and Guaranty Company v. Hendry Corporation, 5 Cir., 391 F.2d 13. If plaintiff is to enforce his rights against the surety he must do so in the present action. No purpose would be served by compelling him to litigate his case twice, once in a common law action in New York and then in a Miller Act suit in this court.

 Defendant contends that subparagraph Thirtieth b) deprives this court of jurisdiction. Parties cannot by contract oust the District Court of the jurisdiction conferred upon it. United States v. Leahy, 148 F.2d 462; Nashua River Paper Co. v. Hammermill Paper Co., 223 Mass. 8, 111 N.E. 678. If subparagraph Thirtieth b) is to be interpreted as barring plaintiff from his right to bring his action in this court and requiring him to resort exclusively to the New York State courts for relief, then it is in direct contradiction to the provisions of the Miller Act and is therefore void. United States for the Use of Ray Gains, Inc. v. Essential Construction Co., D.C., 261 F.Supp. 715; United States for the Use and Benefit of M. G. M. Construction Co. v. Aetna Casualty and Surety Co., D.C., 38 F.R.D. 418.

Defendant's motion to stay is denied.