OPINION OF THE COURT

Per Curiam.

Judgment entered December 14, 1981 is modified to the extent of reversing so much thereof as dismissed the complaint as against defendant Metropolitan Rehabilitation Corporation and, as so modified, is affirmed, without costs; plaintiff’s complaint insofar as it seeks recovery from defendant Metropolitan Rehabilitation Corporation is reinstated.
Special Term dismissed the complaint noting: “This Court is of the opinion that the subject matter herein falls under the Miller Act. Accordingly, the U.S. District Court has exclusive jurisdiction.”
*37 The Miller Act is contained in sections 270a and 270b of title 40 of the United States Code.
Section 270a provides that before any contract exceeding $25,000 in amount is awarded to any contractor to construct, alter or repair any public building or public work of the United States, the contractor is required to furnish two types of bonds, first, a performance bond to protect the United States Government and second, a payment bond (with a satisfactory surety) to protect “all persons supplying labor and material” for the work.
Subdivision (a) of section 270b grants to every person furnishing labor or material for the contract a right to “sue on such payment bond” if not paid within 90 days after the labor or materials were supplied. Furthermore, where either labor or materials were supplied to a subcontractor and there was no contractual relationship with the contractor who supplied the payment bond, after appropriate notice to the contractor, the plaintiff shall “have a right of action upon the said payment bond”.
Title 40 (§ 270b, subd [b]) of the United States Code reads as follows: “(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit”.
The indorsed complaint and the affidavits and exhibits submitted by the plaintiff on the motion to dismiss the complaint clearly indicate the existence of an independent agreement between Metropolitan and the plaintiff to complete work in connection with the installation of boilers in four buildings. It was to the contractor’s advantage to have the boilers installed in the buildings; it reaped the benefit or profit from that installation. The plaintiff undertook to complete four jobs and assumed responsibility for doing the work that he had a right to discontinue, given the default in payment by subcontractor Michel Plumbing. There was consideration for plaintiff’s new agreement with Metropolitan (Hamer v Sidway, 124 NY 538) and “a new and independent contract” arose from the acts of the parties *38 (Mannetti v Doege, 48 App Div 567; and see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397).
The defendants rely essentially on the provision of subdivision (b) of section 270b which reads: “Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit” (emphasis added). The defendants’ position is that this section is one of pre-emption, thus ousting State courts of all jurisdiction in matters affecting Federal construction contracts. The cases indicate that this is not so. In the first place, it has been noted that title 40 (§ 270b, subd [b]) of the United States Code is “merely a venue requirement” (Rich Co. v Industrial Lbr. Co., 417 US 116, 125). As the court noted in United States v Electronic & Missile Facilities (364 F2d 705, 708) “it merely regulates the locations in which judicial authority can be exercised.” Secondly, the section refers only to suits “instituted under this section”. Those suits lie against surety companies who have issued payment bonds. Here, the defendant, Fidelity, is just such a surety company. Suit against it could only be brought on its payment bond and then only in a Federal District Court.
The contractor is entitled to no similar statutory insularity. The right to sue on the payment bond, granted by the statute, is “independent of any right to sue the contractor” (United States v Peerless Ins. Co., 374 F2d 942, 945). While, as noted, a State court would have no jurisdiction in a suit under the Miller Act, there is a right to bring an action in State court on a common-law breach of contract action, by a subcontractor against a contractor (United States v Sovereign Constr. Co., 311 F Supp 371). It is, of course, to be noted that “[i]n such an action rights conferred by the Miller Act cannot be enforced. The Miller Act surety cannot be named as a party or permitted to intervene and the surety is not bound by any judgment rendered therein” (supra, p 373).
Courts of other States have arrived at this conclusion. In American Creosote Works v Caltoman Contrs. (160 So 2d *39 310, 312 [La]), the court stated: “The restriction [of subdivision (b) of section 270b] applies only to a suit instituted under Section 270b and can refer only to a suit on the payment bond by a furnisher of labor or material. The section mentions no other suit.” (Emphasis added.) (See, also, Massachusetts Bonding & Ins. Co. v Robert E. Denike, Inc., 92 F2d 657.) In Hoffmeister Cabinets of Nev. v Bivins (87 Nev 282, 283-284) the Nevada court noted: “The Miller Act does not prevent state courts from adjudicating suits between general and subcontractors.”
The underlying philosophy of the Miller Act is to protect those who supply labor and materials to Federal projects and who, apart from rights granted under this statute, would have no State lien rights enforceable against Federal property. The act limits those suing surety companies to actions in certain specific Federal District Courts. The act does not thus limit or lessen the right of suppliers to look directly to contractors.
Dudley, P. J., Hughes and Tierney, JJ., concur.