**AMERICAN INSURANCE COMPANY,**
**Plaintiff,**

v.

**The Honorable Byron KINDER,**
**Respondent.**

**No. WD 33674.**

Missouri Court of Appeals,
Western District.

Sept. 28, 1982.

---

David M. Duree, St. Louis, for plaintiff.

Robert L. Hyder, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and CLARK, JJ.

LOWENSTEIN, Judge.

Plaintiff American Insurance Company seeks to make absolute a preliminary rule in prohibition issued by this court prohibiting any further action against it as a surety in state court because of exclusive federal jurisdiction under the Miller Act, 40 U.S.C. 270(a–f).

Mertens Construction Company (Mertens) filed suit in the Circuit Court of Cole County, Missouri against two construction companies, Nimrod, Inc. (Nimrod) and Highway Constructions, Inc. (Highway) and their sub-contractors, Lee Roy and Janice Cahall. Nimrod and Highway had contracted to build facilities at the Clarence Cannon Dam for the United States and the Corps of Engineers. American Insurance Company was also named as a defendant in this suit numbered CV180–693CC. American, as surety, executed a payment bond and a performance bond for Nimrod and Highway, as principals, in favor of the United States. Mertens alleged that it supplied dirt moving and compaction equipment to the Cahalls (who subsequently filed a petition in bankruptcy) and the rental charge of $39,600 plus interest was not paid to Mertens. The petition also claimed the negligent use by the Cahall's resulted in $10,000 damage to the equipment.

American Insurance in its separate answer cited a lack of jurisdiction in the Circuit Court of Cole County. American then filed a Motion to Dismiss Mertens' petition as against American because the bonds issued by American showed they were for the United States government for a Corps of Engineers' project and were required by and jurisdiction therefore governed under the Miller Act, 40 U.S.C. 270b(b) which requires that all suits against the surety on such bonds be filed "in the United States District Court for any district where the contract was to be performed and executed and not elsewhere . . . ." American's motion was overruled—it then filed for a writ of prohibition in this court prohibiting any further action in the state court because of the exclusive jurisdiction in the federal system under the Miller Act. This court's Preliminary Rule in Prohibition is now made absolute.

The arguments against issuance of the writ have been 1) the bonds in question are not "Miller Bonds"; 2) 28 U.S.C. 1352 vests concurrent jurisdiction on bonds executed under any law of the United States to state and federal courts; and 3) by filing an answer American waived the "question of venue".

As to respondent's first point, the bonds in question were on Government Services Administration standard forms, and based upon contracts for a federal project. American was bound to the United States for in excess of $893,000 on the performance bond and in excess of $446,000 on the payment bond. 40 U.S.C. 270a(a) requires bonds, such as were executed by American here, before United States government contracts in excess of $25,000 may be awarded to a contractor. The bonds sued upon were clearly required under the Miller Act. Even Mertens' petition alleged the nature of the project and the contract for construction with the United States and that as a part of this contract American had executed these specific bonds. Attached to Mertens' petition were copies of the bonds, prepared on government forms and payable to the United States. Against American, as a surety, respondent cannot be heard to say anything but that these bonds are clearly cognizable under the Miller Act.

Respondent's next point, that 28 U.S.C. 1352 which states, "The district courts shall have original jurisdiction, concurrent with state courts, of any action on a bond executed under law of the United States," when read with § 270b(b) of the Miller Act results in jurisdiction in state courts for suits on Miller bonds is not sound. Under § 270b(b) the appropriate U.S. District Court has exclusive jurisdiction. *Blanchard v. Terry & Wright, Inc.,* 331 F.2d 467, 469 (6th Cir.1964); *U.S. ex rel. Gigliello v. Sovereign Construction Company,* 311 F.Supp. 371, 373 (D.Mass.1970) the Eighth Circuit in *Koppers Company v. Continental Casualty Company,* 337 F.2d 499 (1964) in answering an assertion that 270b(b) is only a venue statement has said at page 505: "The state courts apparently have consistently refused to assume jurisdiction over Miller bond suits." As a prelude to whether § 1352 or the Miller Act jurisdictional mandate applies, the court said at page 506:

"We have no doubt that, as between a state court, on the one hand, and a feder-

al court, on the other, the statute is jurisdictional in character and operation and places exclusive jurisdiction over Miller Act bond suits in the federal tribunal. (Cites omitted). Furthermore, the statute's specific reference to 'the United States District Court', and its use of the mandatory words 'shall' and 'and not elsewhere', are significant and perhaps conclusive in and of themselves."

The *Koppers* court in answering a contention that § 1352, general in nature, passed in 1948, superseded the Miller legislation, passed in 1935, to strip exclusive federal jurisdiction provided on Miller bonds said:

"The argument is not persuasive. The purpose of § 1352 was to give federal courts jurisdiction of bond actions where, absent the necessary diversity and minimum amount in controversy, it otherwise did not exist. I Moore, Federal Practice, Par. 0.60 [8.–3], p. 626 (2d ed. 1961). It was not to provide state court jurisdiction over bond actions otherwise restricted to federal tribunals. *Minneapolis-Honeywell Regulator Co. v. Terminal Constr. Corp.,* supra, p. 563 of 197 A.2d. See Revisor's note to 28 U.S.C.A. § 1352. *Id.* at 506."

That state courts may not entertain suits against Miller surety's is espoused by the Fifth Circuit in *United States F & G Co. v. Hendry,* 391 F.2d 13, 17 (5th Cir.1968): "Since only federal courts may determine a surety's liability on a Miller Act bond, a state court judgment that would bind a surety on his Miller Act bond offends the congressional mandate." Respondent's second point is denied.

■ The last point relied upon to defeat the writ, i.e., that by filing an answer American invoked jurisdiction upon our state courts, is denied. Nothing Mertens nor American could have done could have avoided the effect of the Miller Act's placing exclusive jurisdiction over this cause in the federal system.

■ A Miller Act surety cannot be named as a party or permitted to intervene, and the surety is not bound by judgment rendered in a state court. *United States Fidelity and Guaranty Company v. Hendry Corporation, supra. See also Gigliello, supra; Pierce Contractors, Inc. v. Peerless Casualty Co.,* Fla. 81 So.2d 747, 749 (1955). Respondent's reliance upon United States for use of *Angell Bros., Inc. v. Cave Construction, Inc.,* 250 F.Supp. 873 (D.Mont. 1966), does not allow the parties to agree as to jurisdiction in a state court—it only applied to which district court was proper for venue. *See, Gigliello, supra,* page 383, (where Miller bonds are involved the parties cannot oust federal jurisdiction by contract.)

There being no jurisdiction in state court as against American as a surety on Miller Act bonds, the preliminary rule in prohibition is made absolute.