**NATIONWIDE ELECTRIC, INC.**

v.

**ASSOCIATED BONDED CONSTRUCTION COMPANY and Aetna Casualty and Surety Company.**

**No. 87–150–Appeal.**

Supreme Court of Rhode Island.

May 12, 1989.

Irving Brodsky, Booth & Brodsy, Providence, for plaintiff.

Mark C. Hadden, Robert W. Lovegreen, Gildey, Lovegreen & Sarli, Robert S. Bruzzi, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is a suit on a payment bond provided by Associated Bonded Construction Co. (Associated) in September 1980 after the Department of the Navy awarded Associated a contract to construct and refurbish certain Naval facilities situated at Davisville, Rhode Island. In late October 1980 Associated entered into a subcontracting agreement whereby Nationwide Electric, Inc. (Nationwide) agreed to perform the electrical work called for in the Navy contract. Nationwide completed its work and received partial payment from Associated. However, full payment was never received. Consequently Nationwide brought suit under the payment bond in the Providence County Superior Court, naming as defendants both Associated and its surety, Aetna Casualty and Surety Company (Aetna). The record indicates that Nationwide was to receive $37,000 for its work.

Sometime in the early 1980s the litigants appeared before a Superior Court justice who denied Associated and Aetna's motion to dismiss Nationwide's suit because of a lack of subject-matter jurisdiction. Later it was discovered that the original records of this case had been misplaced and could not be found. Consequently in September 1986 the litigants appeared before a second Superior Court justice with a reconstituted record, whose contents the litigants had

agreed were accurate. Again, defendants renewed their motion to dismiss. The then-trial justice expressed the belief that the law of the case barred him from taking any further action on the dismissal motion.[1] At this point all parties agreed that judgment would be entered for Nationwide in the amount of $8,000 without prejudice to defendants' right to press their appeal.

Associated and Aetna have argued that the motion to dismiss should have been granted because of pertinent provisions of 40 U.S.C.A. § 270a subsections a through d (West 1986). Section 270a, which is better known as the Miller Act, requires the issuance of the payment bond that is before us. Before a United States government contract in excess of $25,000 may be awarded for the construction or the alteration of any public building, the Miller Act requires that a payment bond be issued. 40 U.S.C.A. § 270a(a)(2). It is obvious that on this record the contract was in excess of $25,000 and its goal was the alteration of a public building. Further examination of the Miller Act provides that any person who has furnished labor or material in an ongoing federal project for which a payment bond has been furnished may sue on the bond for the amount or the balance due. Such suit shall be brought in the United States District Court "in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit." 40 U.S.C.A. § 270b(b). Notwithstanding the crystal clear mandate of Congress, Nationwide insists that the Superior Court civil action that is now before us remains viable.

Nationwide relies on certain language found in 28 U.S.C.A. § 1352 (amended 1980, Pub.L. 96–417, Title V, § 506, 94 Stat. 1743), that provides that the federal "district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States, except matters within the jurisdiction of the Court of International Trade." According to Nationwide, this reference to concurrent state jurisdiction in § 1352 gives state courts jurisdiction over actions involving payment due under the Miller Act bonds. We would point out that this identical argument was rejected in *American Insurance Co. v. Kinder*, 640 S.W.2d 537, 540 (Mo.Ct.App.1982), where the court specifically pointed out that such an argument was not persuasive because " 'the purpose of § 1352 was to give federal courts jurisdiction of bond actions' " in disputes where the requisite diversity and the minimum amount in controversy were lacking.

Even though we commend the diligent efforts of Nationwide's counsel, this court cannot ignore the simple, direct, and unambiguous provisions of 40 U.S.C.A. § 270b(b), particularly where it says "[e]very suit instituted under this section shall be brought * * * in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere." We would also add that the exclusive jurisdiction by the federal courts in Miller Act cases has been recently recognized in *Midstates Excavating, Inc. v. Farmers and Merchants Bank & Trust of Watertown*, 410 N.W.2d 190, 193 (S.D.1987); *United Pacific Insurance Co. v. Wyoming Excise Tax Div.*, 713 P.2d 217, 222 (Wyo.1986); and by *Airport Construction and Materials, Inc. v. Bivens*, 279 Ark. 161, 166, 649 S.W.2d 830, 832 (1983).

We would also point out that a subcontractor in a federal contract proceeding might institute suit in a state court provided that the action is not based upon the Miller Act bond. *United Pacific Insurance Co.*, 713 P.2d at 225.[2]

---

1. Although the law of the case used may bar consideration of successive motions relating to the same subject matter, this court in *Taveira v. Solomon*, 528 A.2d 1105, 1108 (R.I.1987), emphasized that the rule should not be used to perpetuate clear error arising from an earlier erroneous ruling. *Taveira* had not been published at the time the second trial justice was confronted with the motion to reconsider the initial ruling.

2. In *United States ex rel. Gigliello v. Sovereign Construction Co.*, 311 F.Supp. 371, 373 (D.Mass. 1970), Justice Francis J. Ford of the United States District Court for the District of Massachusettsf observed that if a provision contained in a contract was to be construed as requiring any ac-

The defendants' appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court with an order to dismiss the case for lack of subject-matter jurisdiction.

tion to be brought in state court, thereby barring a plaintiff from his right to bring suit in federeal court, that contract would be in a direct contradiction to the provisions of the Miller Act and therefore void.