### UNITED STATES of America on Behalf of PITTSBURGH TANK & TOWER, INC., Plaintiff, Appellant,

v.

### G & C ENTERPRISES, INC., Defendant, Appellee.

#### No. 95–1257.

United States Court of Appeals, First Circuit.

Heard Aug. 3, 1995.

Decided Aug. 10, 1995.

Wayne P. Doane with whom Kevin M. Cuddy and Cuddy & Lanham, Bangor, ME, were on brief, for appellant.

Joanne F. Cole with whom W. John Amerling and Amerling & Burns, P.A., Portland, ME, were on brief, for appellee.

Before CYR, BOUDIN and LYNCH, Circuit Judges.

PER CURIAM.

This case involves the validity of a forum selection clause in a construction subcontract. Appellee G & C Enterprises, Inc., was the general contractor on a project to construct a jet fuel storage and distribution system at Bangor International Airport for the military. G & C subcontracted work on two large fuel tanks to appellant Pittsburgh Tank & Tower, Inc. for an agreed payment of $343,000. Pittsburgh Tank agreed to complete discrete portions of its work in accord with deadlines spelled out in the subcontract, and to indemnify G & C for any loss resulting from delays caused by Pittsburgh Tank.

Pittsburgh Tank completed its work but, contending that Pittsburgh Tank had failed to meet its deadlines, G & C retained approximately $120,000 from the contract price. Pittsburgh Tank then filed the instant action for the $120,000 in federal district court in Maine, asserting a claim against G & C for

breach of the subcontract and a claim on G & C's payment bond under the Miller Act, 40 U.S.C. § 270b. The Miller Act bond protects contractors (and subcontractors) who have furnished labor or materials on a federal construction project, and a suit on the bond can be brought in federal court. *United States ex rel Sherman v. Carter*, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957).

G & C moved to dismiss for improper venue, relying on a forum selection clause in the subcontract, which provided that "venue of all suits arising against CONTRACTOR under this contract shall be in Burlington County[, New Jersey]." Pittsburgh Tank argued that the Miller Act's venue clause trumped the contrary venue provision in the subcontract. The Miller Act states that suit is to be brought "for any district in which the contract was to be performed and executed and not elsewhere. . . ." 40 U.S.C. § 270b(b). The magistrate judge and the district court rejected Pittsburgh Tank's argument and dismissed the complaint for improper venue. This appeal followed.

Pittsburgh Tank contends that the venue clause in the Miller Act is jurisdictional, and the parties cannot contract around it. The provision for venue in a particular federal court "and not elsewhere" could be taken as a statement that no other federal court has jurisdiction to hear a Miller Act claim. In the past, lower federal courts took varying positions on the import of this ambiguous clause. *See, e.g., Gigliello v. Sovereign Constr. Co. Ltd.*, 311 F.Supp. 371 (D.Mass. 1970) (interpreting the clause as jurisdictional); *Vermont Marble Co. v. Roscoe–Ajax Constr. Co.*, 246 F.Supp. 439 (N.D.Cal.1965) (discussing the "divergence of views" about the meaning of the venue clause).

■ The Supreme Court, however, seems to have settled the question in *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). In the course of deciding a venue question in a Miller Act case, the Court said that the statutory language in question was "merely a venue requirement." *Id.* at 124–26, 94 S.Ct. at 2162–64. Most of the cases after *Rich* have said that the disputed provision is simply a venue statute. *See, e.g., In re Fire-*

*man's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir.1979); *Arrow Plumbing & Heating, Inc. v. North Amer. Mechanical Servs. Corp.*, 810 F.Supp. 369, 370 (D.R.I.1993).

Under conventional venue statutes, venue provisions have long been subject to contractual waiver through a valid forum selection agreement. *See, e.g., National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Pittsburgh Tank has not argued that the selection clause in the subcontract is invalid under traditional standards (*e.g.,* for fraud). *See Fireman's Fund Amer. Ins. Co. v. Puerto Rican Forwarding Co.*, 492 F.2d 1294, 1297 (1st Cir. 1974). And although the forum selection clause here refers to a county that apparently contains no federal court, both parties have treated the clause as providing for venue in the federal district court for the district of New Jersey. *Accord, Arrow Plumbing*, 810 F.Supp. at 370.

We agree with appellant that the Supreme Court in *Rich* was not focusing on anything quite like the problem in this case and *Rich*'s venue reference was something of an aside. Still, the designation is explicit ("merely a venue requirement") and very hard for a lower federal court to ignore. Possibly there are reasons why the Miller Act's policies would warrant different standards for waiver of its venue provisions than the standards conventionally applied. But no such argument is made in this case, so we need not pursue that issue here.

■ The only remaining question is whether the dismissal should be affirmed or the case should be remanded for transfer to a New Jersey district court, pursuant to 28 U.S.C. § 1406(a). No such request was made to the district court or in Pittsburgh Tank's brief in this court. But it emerged at oral argument that the special one-year statute of limitations may have run under the Miller Act, 40 U.S.C. § 270b(b); counsel for G & C is to be commended for advising the court that such a problem may exist. However, it appears that Pittsburgh Tank may still sue on the subcontract under state law without the Miller Act claim. There is no

indication that the general contractor is insolvent.

Under these circumstances, we affirm outright rather than remanding for consideration of a transfer. It is rare in a civil action to afford relief not requested in the trial court and, at a minimum, further proceedings would be required in the district court to allow G & C an opportunity to argue against transfer. Since Pittsburgh Tank's state-law contract claim apparently remains intact, we see no equitable reason for a remand. Pittsburgh Tank is free to pursue the matter in the district court under Fed.R.Civ.P. 60(b), but we express no views on the merits of such an endeavor.

*Affirmed.*