UNITED STATES for the Use of B & D MECHANICAL CONTRACTORS, INC., an Oklahoma corporation, Plaintiff–Appellant and Cross–Appellee,

v.

ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, and North American Construction Corporation, a Texas corporation, Defendants–Appellees and Cross–Appellants.

Nos. 94–6348, 94–6355.

United States Court of Appeals, Tenth Circuit.

Nov. 13, 1995.

---

Kent Frates and Kurt M. Rupert of Hartzo Conger & Cason, Oklahoma City, Oklahoma, for Plaintiff–Appellant and Cross–Appellee.

John F. Fischer (Don G. Holladay with him, on the briefs) of Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Oklahoma, for Defendants–Appellees and Cross–Appellants.

Before MOORE, ANDERSON and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

This case addresses whether a valid forum selection clause can override the venue provisions of the Miller Act, 40 U.S.C. § 270b(b). We hold that it does but find the forum selection clause at issue in this case invalid. The district court's order dismissing the case for lack of venue is reversed.

## I.

North American Construction Corporation (hereinafter "North American") contracted with the United States to install part of a ground water treatment system at Tinker Air Force Base in Midwest City, Oklahoma. St. Paul Mercury Insurance Company (hereinafter "St. Paul") provided the payment bond to North American for the project. B & D Mechanical Contractors, Inc. (hereinafter "B & D") entered into a subcontract with North American to provide labor and services in the completion of the water treatment system. The subcontract contained a forum selection clause stating: "The Subcontract Agreement and any claims arising under it shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas."

B & D filed claims against North American and St. Paul under the Miller Act, 40 U.S.C. § 270a–c, and for breach of contract, in the United States District Court for the Western District of Oklahoma. North American and St. Paul moved to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3). The district court granted the motion to dismiss holding that the Miller Act's venue provision was waived by the subcontract's forum selection clause. B & D appealed. North American and St. Paul cross-appealed the district court's order denying them attorney's fees.

## II.

B & D raises three issues on appeal: (1) whether the district court erroneously concluded that the forum selection clause in the subcontract mandated the case be brought in Bexar County, Texas; (2) whether the district court improperly resolved a factual issue against B & D in its ruling on North American's and St. Paul's Motion to Dismiss for Improper Venue; and (3) whether enforcing the forum selection clause would be unreasonable under the facts and circumstances of this case.

## III.

██ B & D contends the district court erred in granting North American's and St. Paul's Motion to Dismiss for Improper Ven-

ue. We review a motion to dismiss based on the validity of a forum selection de novo. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir.), *cert. denied*, 506 U.S. 1021, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992).

■ The interpretation of the Miller Act's venue provision in relation to a forum selection clause is an issue of first impression in the Tenth Circuit. Congress enacted the Miller Act to protect persons who supply labor and materials for the construction of federal buildings. Due to its remedial nature it is afforded a liberal construction. *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216, 77 S.Ct. 793, 796–97, 1 L.Ed.2d 776 (1957).

■ Although the language of the Miller Act, 40 U.S.C. § 270b(b), requiring that suits be brought in the judicial district where the contract was performed "and not elsewhere" seems to mandate strict conformance, judicial interpretation holds otherwise. While dealing with the merits of another issue, the Supreme Court characterized § 270b(b) as being "merely a venue requirement." *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 F.2d 116, 125, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974). In *United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc.*, 62 F.3d 35, 36 (1st Cir.1995), the court held a contractual forum selection clause prevailed when it conflicted with the venue designated by the Miller Act. The *G & C Enterprises* court noted that even though the Supreme Court was not addressing a conflicting forum selection clause in *F.D. Rich*, the Court's designation that the statutory language was a mere venue requirement was "explicit and very hard for a lower federal court to ignore." *Id.* at 36. This court also finds such a designation hard to ignore. Interestingly, even prior to the *F.D. Rich* decision, courts deciding the issue had held almost without exception that the provision was a venue requirement. *United States ex rel. Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc.*, 364 F.2d 705, 707 (2d Cir.), *cert. denied*, 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 148 (1966). It is well settled that venue provisions are subject to contractual waiver. *National Equip.*

*Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964).

Three circuits have addressed forum selection clauses that conflict with the Miller Act's venue provisions. All three have held that as a mere venue requirement, § 270b(b) is subject to contractual waiver by a valid forum selection clause. *See FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir.1995) (holding the Miller Act's venue requirement could be waived by defendants); *G & C Enterprises*, 62 F.3d at 36; *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir.1979) (holding the case for overriding the Miller Act particularly strong where forum selection clause was suggested by defendants—the parties the act was designed to protect).

■ We are persuaded by our sister circuits and agree that a valid forum selection clause supersedes the Miller Act's venue provision. This case thus turns on whether the forum selection clause at issue is valid. To interpret a contract we "must give a written agreement that interpretation which was intended by the parties." *Ader v. Hughes*, 570 F.2d 303, 309 (10th Cir.1978). The clause at issue states that any claims arising under the contract shall be governed by Texas state law "and exclusive venue shall be proper in Bexar County, Texas." Those parties to this appeal, St. Paul and North American, urging us to apply the forum selection clause, state in their brief that "the contract at issue in this case designates a state court forum only." The parties selection of a state court forum is fatal to the clause's enforceability.

■ Although parties are able to contractually alter the Miller Act's venue provisions, they are not able to change its jurisdictional requirements. As Justice Frankfurter stated in *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939):

> The jurisdiction of the federal courts— their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a lawsuit—the place where judicial authority may be exercised—though defined by legislation re-

lates to the convenience of litigants and as such is subject to their disposition. *Id.* at 167–68, 60 S.Ct. at 154. The Miller Act grants federal courts exclusive jurisdiction. *United States for Use of Owens–Corning Fiberglass Corp. v. Brandt Constr. Co.,* 826 F.2d 643, 645 (7th Cir.1987) (discussing how federal courts have unanimously held Miller Act jurisdiction to be exclusively federal), *cert. denied,* 484 U.S. 1026, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988). *See also United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.,* 55 F.3d 1491, 1493 (10th Cir.1995). In a supplemental brief, St. Paul and North American suggest the federal district court for the Western District of Texas as an alternate forum; however, neither they nor we can rewrite the subcontract to choose a valid forum for them. Therefore, this forum selection clause which attempts to divest the federal courts of their exclusive jurisdiction to hear this case is void and unenforceable.

Because the forum selection clause is invalid, the Miller Act's venue provisions prevail and this case must be brought in the United States District Court for the Western District of Oklahoma, the federal district where the contract was to be performed.

The invalidity of the forum selection clause renders B & D's other assertions moot.

Our reversal of the district court's dismissal for improper venue renders North American's and St. Paul's cross-appeal moot. As they are no longer the "prevailing parties" within the meaning of the attorney fee provision or the subcontract on this issue, they are clearly not entitled to attorney's fees regardless of any contractual interpretation.

### IV.

We find the forum selection clause to be an invalid waiver of the Miller Act's venue provisions. The district court's judgment is **REVERSED** and this case is **REMANDED** to the district court for a trial on the merits.

Our holding renders North American's and St. Paul's cross-appeal moot.