**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3053
_____

THE UNITED STATES FOR THE USE OF COLORADO CUSTOM ROCK CORP.

v.

G&C FAB-CON, LLC; EVEREST REINSURANCE COMPANY,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3:20-cv-02968)
District Judge:  Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2025
_____

Before:  PORTER, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Filed: November 5, 2025)
_____

OPINION[*]
_____

CHUNG, <u>Circuit Judge</u>.

This appeal stems from a contract dispute between a general contractor and

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

subcontractor related to a federal construction project. The general contractor largely lost a jury trial and now challenges several of the District Court's rulings on motions it made before, during, and after trial. We will affirm.

I.    **BACKGROUND**[1]

This case arises from the construction of the Pikes Peak National Cemetery in Colorado Springs, Colorado (the "Project") for the United States Department of Veterans Affairs (the "VA"). Defendant/Appellant G&C Fab-Con LLC ("G&C") was the Project's general contractor, while co-Defendant Everest Reinsurance Company provided a performance bond to G&C. Plaintiff/Appellee Colorado Custom Rock Corp. ("CCR") performed the Project's masonry work pursuant to a subcontract with G&C (the "Subcontract"). After CCR performed work, G&C alleged there was a plumbness[2] issue on one of the buildings CRR built. G&C sent CRR a notice to cure, asking CCR to tear down and rebuild the building. Three days later, G&C demolished the building on its own. CCR sued G&C in federal district court for breach of contract and G&C countersued on its own breach of contract claim.

The case went to trial. CCR retained Michael Schuller, a registered professional engineer, to serve as its expert witness. He was unable to inspect the building due to its destruction and thus based his opinions on "project documents, photographs taken by others, and measurements made by others under the direction of G&C." A18. G&C filed

---

[1]    Because we write for the parties, we recite only the facts pertinent to our decision.

[2]    Plumbness refers to the quality or state of being vertical.

2

a motion in limine to preclude Schuller from testifying, which the District Court denied.

After CCR presented its case in chief, G&C unsuccessfully moved for a partial directed verdict on several categories of damages CCR sought. On March 7, 2024, the jury returned a unanimous verdict, finding that G&C breached the Subcontract and awarding CCR $589,000 in damages on its breach of contract claim. On G&C's counterclaim, the jury found that CCR also breached the Subcontract, but awarded G&C just $1.00 in nominal damages.

On March 27, 2024, G&C moved for the District Court to award it attorneys' fees and costs under the Subcontract. On April 10, 2024, G&C moved for judgment as a matter of law, to alter or amend the judgment, or, in the alternative, for a new trial. The District Court declined to award G&C attorneys' fees and costs and denied the motions for judgment as a matter of law, to alter/amend the judgment, and for a new trial. This appeal followed.

## II. DISCUSSION[3]

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and the Miller Act, 40 U.S.C. § 3131. The case was initially filed under the Miller Act in the United States District Court for the District of Colorado. The parties later jointly moved to transfer the case to the United States District Court for the District of New Jersey due to the Subcontract's forum selection clause. The Supreme Court has said that forum selection clauses should be given controlling weight "in all but the most exceptional cases," Atl. Marine Constr. Co. v. United States Dist. Ct., 571 U.S. 49, 62 (2013) (forum selection clauses should be given controlling weight "in all but the most exceptional cases"); and all circuits to have considered the impact of a forum selection clause on the venue provision of the Miller Act have concluded that the Miller Act's venue provision is subject to waiver. See FGS Constructors, Inc. v. Carlow, 64 F.3d 1230, 1233 (8th Cir. 1995); U.S. ex rel. Pittsburgh Tank and Tower, Inc. v. G&C Enter., Inc., 62 F.3d 35, 36 (1st Cir. 1995); U.S. ex rel. B&D Mech. Contractors v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995). We have jurisdiction under 28 U.S.C. § 1291.

A. The District Court Did Not Abuse Its Discretion in Declining to Award Attorneys' Fees and Costs to G&C

G&C's first challenge on appeal is to the District Court's denial of its motion for attorneys' fees and costs. We review a district court's denial of an award of attorneys' fees and costs for abuse of discretion but review the applicable legal standards *de novo*. Perelman v. Perelman, 793 F.3d 368, 376 (3d Cir. 2015).

G&C argues the Subcontract entitles it to an award of fees and costs because the Subcontract provides in relevant part:

> Contractor shall be entitled to recover from Subcontractor all … reasonable attorneys' fees suffered or incurred by Contractor by reason or as a result of Subcontractor's default.

A284. Applying New Jersey law, the District Court concluded that the "reasonable" amount of fees here was $0, even though G&C nominally prevailed on its claim that CCR breached the Subcontract, because "the overall outcome of this litigation heavily favors Defendants[.]" A47.

In New Jersey, "[t]he threshold issue in determining whether an attorneys' fee award is reasonable is whether the party seeking the fee prevailed in the litigation." N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999).[4] This

---

[4] G&C does not challenge the District Court's decision to apply New Jersey law. Rather, it argues that the terms of the contract required the payment of fees without consideration of whether it prevailed at trial. However, New Jersey law provides that "even where attorney-fee shifting is controlled by contractual provisions, courts will strictly construe that provision in light of [New Jersey's] general policy disfavoring the award of attorneys' fees," and reasonableness remains the inquiry. N. Bergen Rex Transp., Inc., 730 A.2d at 848.

analysis entails a two-part test whereby the party seeking fees must demonstrate that (1) "his lawsuit was causally related to securing the relief obtained" and (2) "the relief granted had some basis in law." Id. at 849. The test is designed to measure "the ultimate results achieved" and the first prong, in particular, "requires a factual causal nexus between the pleading and the relief ultimately received." Id. at 848–49. "[I]f a successful [prevailing party] has achieved only limited relief in comparison to all of the relief sought, the [trial] court must determine whether the expenditure of counsel's time on the entire litigation was reasonable in relation to the actual relief obtained ... and, if not, reduce the award proportionately." Id. at 850 (third and fourth alterations in original) (internal quotations and citations omitted).

Although G&C technically prevailed on its counterclaim against CCR, the jury awarded it only $1 out of more than $1.3 million in damages sought by G&C. In contrast, G&C asked to be awarded more than $700,00 in fees and costs—more, in fact, than the $589,000 in total damages the jury awarded to CCR. We cannot conclude that the District Court abused its discretion in deciding that the reasonable amount of fees to award G&C was $0 given the outcome at trial.

In its brief, G&C relies on an assortment of case law, much of it unpublished and most of it outside of New Jersey, to support its view that the contract clearly entitled it to attorneys' fees. It also argues that District Court invoked case law that is distinguishable because here, the recovery of fees is governed by the Subcontract, not a statute awarding fees to prevailing parties. While we agree that certain authorities cited by the District Court are distinguishable on those grounds, the District Court correctly relied on the legal

premise that a fee award must be proportional to a party's success in order to be "reasonable." N. Bergen Rex Transp., Inc., 730 A.2d at 850. Accordingly, we will affirm the District Court's order awarding G&C $0 in fees.

B.     The District Court Did Not Abuse Its Discretion in Denying G&C's Daubert Motion

G&C next challenges the District Court's denial of its motion in limine to preclude, pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), the trial testimony of CCR's expert witness, Michael Schuller. We review a District Court's denial of a motion to preclude expert testimony for abuse of discretion. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997).

Federal Rule of Evidence Rule 702 provides that a qualified expert may testify if their testimony "(1) is based on sufficient facts or data," (2) "is the product of reliable principles and methods," and (3) if "the witness has applied the principles and methods reliably to the facts of the case." This is a "flexible" inquiry, and a judge should find an expert's opinion reliable "if it is based on 'good grounds,' *i.e.*, if it is based on the methods and procedures of science." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742, 744 (3d Cir. 1994) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590 (1993). The focus of the District Court's assessment "must be solely on principles and methodology, not on the conclusions they generate." Daubert, 509 U.S. at 595.

G&C challenges only the District Court's conclusion that Schuller's testimony was reliable.[5] We agree with the District Court that the challenges to Schuller's testimony largely focus on disputes between the parties' experts, disputes that bear on the weight the opinion should be afforded, rather than the reliability of Schuller's testimony. Accordingly, the District Court properly exercised its discretion, and so we will affirm the District Court's denial of G&C's <u>Daubert</u> motion.

C. <u>The District Court Did Not Err in Denying G&C's Motions for a Directed Verdict and a New Trial, and Did Not Abuse Its Discretion in Denying G&C's Motion for Post-Trial Relief</u>

Lastly, G&C contends that insufficient evidence supported the jury's damages award to CCR for $132,900 in outstanding bills for stored materials and $266,078.41 for unbilled labor and stored materials. G&C unsuccessfully filed motions contesting these damages under Federal Rules of Civil Procedure 50(a) and (b) for a judgment as a matter of law, Rule 59(a) for a new trial, and 59(e) to amend the judgment.

1. <u>The District Court Did Not Err In Denying the Rule 50 and Rule 59(a) Motions</u>

Rule 50(a) allows a party to move for a judgment as a matter of law, that is, to ask for a ruling in its favor due to an insufficiency of evidence prior to the submission of the

---

[5] G&C asserted seven arguments in support of its <u>Daubert</u> motion and reasserts five on appeal: (1) Schuller's opinion was unreliable because he could not state that he reached it "within a reasonable degree of engineering certainty;" (2) Schuller's methodology of extracting cloud point data was unreliable; (3) Schuller invalidly and unreliably widened the "tolerance envelope" of masonry wall measurements made by G&C's expert; (4) Schuller's opinions as to remediation costs are purely speculative; and (5) Schuller ignored critical facts and evidence rendering his opinion unreliable.

case to the jury, and Rule 50(b) permits the party to renew its motion after trial. We exercise plenary review over an order denying a motion for a judgment as a matter of law and apply the same standard as the district court. Johnson v. Campbell, 332 F.3d 199, 204 (3d Cir. 2003).

The standard under Rule 50 "largely mirrors the summary-judgment standard, the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record." Dupree v. Younger, 598 U.S. 729, 731–32 (2023). "Such a motion should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993).

As noted above, G&C contends that it is entitled to judgment as a matter of law on damages for outstanding bills for stored materials and for unbilled labor and stored materials. In Colorado,[6] a party seeking damages must establish them "with reasonable certainty by a preponderance of the evidence." Pomerantz v. McDonald's Corp., 843 P.2d 1378, 1381 (Co. 1993) (emphasis omitted). The District Court concluded that CCR introduced sufficient evidence to support the challenged damages verdict. A36. We agree. CCR admitted its March and April 2019 payment applications into evidence, which show $88,690.00 and $43,500.00 in stored material costs, respectively. Todd

---

[6]    In the District Court, the parties agreed that Colorado law applies to the contract claims and G&C does not contest this on appeal.

8

Robertson, an owner and CEO of CCR, testified that these payment applications were unpaid. As for the unbilled stored materials, Robertson testified that these were still due and owing. His testimony was supported by an email communication, which attached a Continuation Sheet reflecting the cost of stored materials for which CCR had not yet been paid. Finally, as to damages for unbilled labor costs, Robertson explained that $120,670.41 was owed based on documents in CCR's possession which were not presented at trial.

G&C urges that this was insufficient evidence because CCR did not admit actual invoices into evidence reflecting these figures. But G&C does not cite any case law requiring this and a jury could reasonably find, based on Robertson's testimony and the other evidence, that G&C owed the challenged damages "with reasonable certainty by a preponderance of the evidence." Pomerantz, 843 P.2d at 1381 (emphasis removed).

In the alternative, G&C argues that it is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59(a). Rule 59(a) permits a trial court "to grant a new trial on all or some of the issues" "for any reason for which a new trial has heretofore been granted in an action at law in federal court." We review a denial of a Rule 59(a) motion for abuse of discretion. Darbrow v. McDade, 255 F.2d 610, 611 (3d Cir. 1958).

G&C asks for a new trial based on the same grounds raised above. These arguments remain unpersuasive, and we conclude that the District Court did not abuse its discretion in denying the Rule 59(a) motion.

Accordingly, we will affirm the District Court's denial of G&C's Rule 50 and 59(a) motions.

9

2. <u>The District Court Did Not Abuse Its Discretion in Denying G&C's Motion to Amend the Judgment</u>

G&C also challenges the District Court's denial of its Rule 59(e) motion. We review decisions regarding Rule 59(e) motions for abuse of discretion, except regarding matters of law, which are subject to plenary review. <u>Addie v. Kjaer</u>, 737 F.3d 854, 867 (3d Cir. 2013).

Federal Rule of Civil Procedure 59(e) permits a party to move "to alter or amend a judgment … no later than 28 days after the entry of the judgment." Because "[s]uch motions are not to be used as an opportunity to relitigate the case … but to correct manifest errors of law or fact or to present newly discovered evidence," <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011), a 59(e) motion must be based on at least one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010) (quoting <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)). G&C does not attempt to assert the first two grounds and, for the reasons stated above, manifestly fails on the last. Accordingly, the District Court did not abuse its discretion in denying G&C's Rule 59(e) motion and we will affirm that portion of the District Court's decision.

## III. <u>CONCLUSION</u>

10

For the reasons set forth above, we will affirm the Memorandum Order and First Amended Judgment of the District Court.